# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 18-1104V
### UNPUBLISHED

LOUIE WORTHY,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: June 10, 2020

Special Processing Unit (SPU); Joint
Stipulation on Damages; Influenza
(Flu) Vaccine; Guillain-Barre
Syndrome (GBS)

*John P. Valente, III, The Valente Law Group, Crofton, MD,* for petitioner.

*Ronalda Elnetta Kosh, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION ON JOINT STIPULATION[1]

On July 30, 2018, Louie Worthy filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré Syndrome ("GBS") and paralysis caused-in-fact by the influenza vaccine he received on September 9, 2016. Petition at 1, ¶¶ 2, 8; Stipulation, filed June 10, 2020, at ¶¶ 1-2, 4. Petitioner further alleges he received the influenza vaccine in the United States, that he continues to suffer the residual effects of his GBS and paralysis more than six months after vaccination, and that neither he nor any other party has filed a civil action or received compensation for his injuries alleged as vaccine caused. Petition at ¶¶ 2, 7, 9; Stipulation at ¶¶ 3-5. "Respondent denies that the flu vaccine caused [P]etitioner to suffer from GBS or any other injury or his current condition." Stipulation at ¶ 6.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, on June 10, 2020, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation.  I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award** the following compensation:

**A.  A lump sum in the amount of $446,350.41, representing compensation in the amounts of $159,204.31 for his first-year life expenses, $200,00.00 for his pain and suffering, and $87,146.10 for his actual unreimburseable expenses; and**

**B.  A lump sum sufficient to purchase the annuity contract described in paragraph 10 of the Stipulation.**

Stipulation at ¶ 8.  This amount represents compensation for all items of damages that would be available under § 15(a). *Id.*

I approve the requested amount for Petitioner's compensation.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| ———————————————— | ) | |
| LOUIE WORTHY, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | |
| | ) | No. 18-1104V |
| SECRETARY OF HEALTH | ) | Chief Special Master Corcoran |
| AND HUMAN SERVICES, | ) | ECF |
| | ) | |
| Respondent. | ) | |
| ———————————————— | ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Louie Worthy, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu') vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his flu vaccination on September 9, 2016.

3. The vaccination was administered within the United States.

4. Petitioner alleges that he suffered from Guillain-Barré syndrome ("GBS") as a result of receiving the flu vaccine, and that he experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the flu vaccine caused petitioner to suffer from GBS or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $446,350.41 which amount represents compensation for first year life care expenses ($159,204.31), pain and suffering ($200,000.00), and past unreimbursable expenses ($87,146.10) in the form of a check payable to petitioner;

b. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a.   A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

b.   Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

c.   Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

d.   Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Louie Worthy, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows for the following life care items available under 42 U.S.C. §300aa-15(a).

a. For future unreimbursable Attendant Care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $82,485.00 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

b. For future unreimbursable Respite Care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $4,326.00 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

c. For future unreimbursable Elevating Adaptation for Wheelchair, Shower Chair, Night Splints for Legs, Bilateral Hand Splint, Theraband, Arm Skate, Food Guard Plate, and Reusable Drinking Straw expenses, on the first anniversary of the date of judgment, a lump sum of $728.63. Then, on the anniversary of the date of judgment in year 2022, a lump sum of $875.07. Thereafter, beginning on the anniversary of the date of judgment in year 2023, an annual amount of $757.92 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

d. For future unreimbursable Wheelchair Accessible Van Adaptive Equipment expenses, on the anniversary of the date of judgment in year 2028, a lump sum of $34,390.00, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

e. For future unreimbursable Incontinence Pad, Washable Bed Pad, Disposable Glove, and Wipe expenses, beginning on the first anniversary of the date of judgment, an annual amount of $454.40 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

f. For future unreimbursable Dulcolax, Miralax, Cortisone Cream, Vitamin D3, Stool Softener, Tylenol, and Calcium expenses, beginning on the first anniversary of the date of judgment, an annual amount of $290.46 to be paid for the remainder of petitioner's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set

forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other

installments.  The "annual amounts" set forth above describe only the total yearly sum to be paid

to petitioner and do not require that the payment be made in one annual installment.  Petitioner

will continue to receive the annuity payments from the Life Insurance Company only so long as

he, Louie Worthy, is alive at the time that a particular payment is due.  Written notice shall be

provided to the Secretary of Health and Human Services and the Life Insurance Company within

twenty (20) days of Louie Worthy's death.

11.  The annuity contract will be owned solely and exclusively by the Secretary of Health

and Human Services and will be purchased as soon as practicable following the entry of a

judgment in conformity with this Stipulation.  The parties stipulate and agree that the Secretary

of Health and Human Services and the United States of America are not responsible for the

payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts

awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the

future annuity payments.  Upon the purchase of the annuity contract, the Secretary of Health and

Human Services and the United States of America are released from any and all obligations with

respect to future annuity payments.

12.  As soon as practicable after the entry of judgment on entitlement in this case, and

after petitioner has filed both a proper and timely election to receive compensation pursuant to

42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings

before the special master to award reasonable attorneys' fees and costs incurred in proceeding

upon this petition.

13.  Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14.  Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15.  The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16.  In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity, and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on September 9, 2016, as

alleged by petitioner in a petition for vaccine compensation filed on or about July 30, 2018, in

the United States Court of Federal Claims as petition No. 18-1104V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable

upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms

of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties'

settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and

damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the

parties hereto to make any payment or to do any act or thing other than is herein expressly stated

and clearly agreed to. The parties further agree and understand that the award described in this

Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the

items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in

this case consistent with the Privacy Act and the routine uses described in the National Vaccine

Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the

Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged GBS or

any other injury or his current condition.

22.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

/

Respectfully submitted,

**PETITIONER:**

LOUIE WORTHY

**ATTORNEY OF RECORD FOR PETITIONER:**

John P. Valente, III, ESQ.
2200 Defense Hwy, Suite 304
Crofton, MD 21114
Tel: (410) 451-1777
JValente@jpvlawgroup.com

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Ward Sorensen for*

TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

Ronalda E Kosh
by Catharine E

Ronalda E. Kosh
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4476

Dated: 6/9/20

8